﻿Citation Nr: AXXXXXXXX
Decision Date: 08/31/20 Archive Date: 08/31/20

DOCKET NO. 200114-53504
DATE: August 31, 2020

ORDER

A compensable disability rating for deviated nasal septum is denied.

A separate 30 percent disability rating for sinusitis and rhinitis is granted.

Entitlement to service connection for headaches is denied.

REMANDED

Entitlement to service connection for right ear hearing loss is remanded.

Entitlement to service connection for bilateral pes planus is remanded.

Entitlement to service connection for a right knee disorder as secondary to bilateral pes planus is remanded.

Entitlement to service connection for a left knee disorder as secondary to bilateral pes planus is remanded.

Entitlement to service connection for a lower back secondary to bilateral knee condition and pes planus is remanded.

FINDINGS OF FACT

1. The Veteran’s deviated nasal septum disability has not been manifested by 50 percent obstruction of the nasal passage on either side or complete obstruction on one side during the period on appeal. 

2. The Veteran’s sinusitis has been manifested by more than six non-incapacitating episodes per year of sinusitis characterized by headaches, pain, and purulent discharge or crusting.

3. The Veteran’s headaches are attributable to his service-connected sinusitis; there preponderance of evidence is against a finding of a separate headache disability.

CONCLUSIONS OF LAW

1. The criteria for a compensable rating for a deviated septum are not met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.7, 4.97, Diagnostic Code 6502. 

2. The criteria for a 30 percent disability rating, but no higher, for sinusitis and rhinitis are met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.7, 4.97, Diagnostic Codes 6512, 6522. 

3. The criteria for service connection for a headache disability are not met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303. 

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from August 1983 to March 1989.

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from an October 2019 rating decision. The Veteran timely appealed this decision to the Board by requesting direct review of the record in a January 2020 VA Form 10182, Decision Review Request: Board Appeal.

In April 2020, the Veteran submitted a supplemental claim for the issues of entitlement to service connection for bilateral pes planus, right and left knee disabilities, and a back disability. However, he was informed in a letter sent to him the same month that these claims could not be accepted as he had already filed an appeal of these issues to the Board.

Increased Rating 

Disability evaluations are determined by evaluating the extent to which a Veteran’s service-connected disability adversely affects his ability to function under the ordinary conditions of daily life, including employment, by comparing his symptomatology with the criteria set forth in the Schedule for Rating Disabilities (Rating Schedule). 38 U.S.C. § 1155; 38 C.F.R. §§ 4.1, 4.2, 4.10.

If two evaluations are potentially applicable, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria required for that evaluation; otherwise, the lower evaluation will be assigned. 38 C.F.R. § 4.7.

In view of the number of atypical instances it is not expected, especially with the more fully described grades of disabilities, that all cases will show all the findings specified. Findings sufficiently characteristic to identify the disease and the disability therefrom, and above all, coordination of rating with impairment of function will, however, be expected in all instances. 38 C.F.R. § 4.21.

The RO granted service connection for a deviated nasal septum with sinusitis and rhinitis in the October 2019 rating decision, effective March 5, 2019 and rated as noncompensable under Diagnostic Code 6502, pertaining to deviation of the nasal septum. The Board finds that, as the Veteran’s service-connected deviated nasal septum has different symptoms and rating criteria than his service-connected sinusitis and rhinitis, these disorders should be separately rated. As such, the Board is granting a separate rating for the Veteran’s service-connected sinusitis and rhinitis below. 

 Deviated Nasal Septum – Increased Rating 

The Veteran’s service-connected deviated nasal septum is rated as noncompensable under Diagnostic Code 6502, as noted above. Under Diagnostic Code 6502, the current zero (0) percent (noncompensable) rating is assigned when the requirements for a compensable rating are not met. 38 C.F.R. § 4.31. A maximum rating of 10 percent may be assigned for traumatic deviation of nasal septum with 50 percent obstruction of nasal passage on both sides or complete obstruction on one side. 38 C.F.R. § 4.97, Diagnostic Code 6502.

The Board finds that a compensable rating is not warranted for the Veteran's deviated septum for the appeals period from March 5, 2019 to October 25, 2019. The evidence of record does not demonstrate at least 50 percent obstruction of both nasal passages, or complete obstruction on one side.

The Veteran was provided with a VA examination October 2019. The examiner diagnosed traumatic deviated nasal septum. Upon examination, the Veteran did not have at least 50 percent obstruction of the nasal passage on both sides or complete basal blockage on either side due to his service-connected traumatic septal deviation.

There is no evidence reflecting obstruction or blockage of the Veteran’s nasal passages due to his deviated nasal septum. As such, a compensable rating is not warranted. 38 C.F.R. § 4.97, Diagnostic Code 6502.

While the Veteran is competent to report any nasal symptoms he has had, the Veteran is not competent to report the percentage of obstruction in his nasal passages as that requires medical expertise to diagnose and measure. Moreover, the competent medical evidence of record demonstrates that his nasal passages were not found to have at least 50 percent obstruction. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007).

Consideration has been given to assigning staged ratings. However, at no time during the period in question has the disability warranted a higher schedular rating than that assigned. Fenderson v. West, 12 Vet. App. 119 (1999); Hart v. Mansfield, 21 Vet. App. 505 (2007).

Accordingly, the Board finds that the preponderance of the evidence is against the claim and entitlement to an initial compensable rating for a deviated septum is not warranted. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102.

Sinusitis and Rhinitis – Separate Disability Rating 

The Board finds that a separate rating is warranted for the Veteran’s service-connected sinusitis and rhinitis effective March 5, 2019. 

Allergic rhinitis is rated under Diagnostic Code 6522. Under Diagnostic Code 6522, allergic rhinitis warrants a 10 percent rating when there are no nasal polyps but there is greater than 50 percent obstruction of nasal passages on both sides or complete obstruction on one side. A maximum rating of 30 percent is warranted when polyps are present. 38 C.F.R. § 4.97, Diagnostic Code 6522. The October 2019 VA examination report does not indicate that the Veteran has either obstruction or polyps in his nasal passages. A compensable rating is not warranted under DC 6522. 

Frontal sinusitis is rated under Diagnostic Code 6512 and maxillary sinusitis is rated under Diagnostic Code 6513. All sinusitis is rated using the General Rating Formula for Sinusitis. 38 C.F.R. § 4.97, Diagnostic Codes 6512, 6513. Under this formula, sinusitis is noncompensable when detected by x-ray only, with no compensable symptoms. A 10 percent rating is warranted if the condition is manifested by one or two incapacitating episodes per year requiring prolonged (lasting four to six weeks) antibiotic treatment; or by three to six non-incapacitating episodes per year characterized by headaches, pain, and purulent discharge or crusting. A 30 percent rating is warranted if the condition is manifested by three or more incapacitating episodes per year requiring prolonged antibiotic treatment; or by more than six non-incapacitating episodes per year characterized by headaches, pain, and purulent discharge or crusting. A maximum 50 percent rating is warranted if there is chronic osteomyelitis following radical surgery; or near constant sinusitis characterized by headaches, pain, and tenderness of an affected sinus, and purulent discharge or crusting after repeated surgeries. An incapacitating episode means one that requires bed rest and treatment by a physician. Id. (Note).

The Veteran was provided with a VA examination in October 2019. The examiner noted that the Veteran did not have any symptoms attributable to his allergic rhinitis. With regard to sinusitis, the examiner noted that, over the prior 12 months the Veteran had seven or more non-incapacitating episodes of sinusitis characterized by headaches, pain and purulent discharge or crusting. The Veteran did not have incapacitating episodes. 

The Board finds that this evidence supports a rating of 30 percent for the Veteran’s service-connected sinusitis as he has had more than six non-incapacitating episodes of sinusitis, commensurate with a 30 percent evaluation under the rating criteria for sinusitis. 

While a 30 percent rating is granted herein, the Board finds that a 50 percent rating is not warranted. The Veteran underwent endoscopic surgery in 1987, but the evidence does not reflect chronic osteomyelitis following radical surgery or near constant sinusitis characterized by headaches, pain, and tenderness of an affected sinus, and purulent discharge or crusting after repeated surgeries. Therefore, a rating higher than 30 percent is not warranted. 

Service Connection – Headaches

The Veteran contends that he has headaches that are related to service. 

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. § 3.303. The three-element test for service connection requires evidence of: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the current disability and the in-service disease or injury. Shedden v. Principi, 381 F.3d 1163, 1166 -67 (Fed. Cir. 2004).

The question for the Board is whether the Veteran has a current disability that began during service or is at least as likely as not related to an in-service injury, event, or disease.

The evidence of record does not reflect that the Veteran has a separate, chronic headache disability. An August 2019 VA examination report shows that the examiner did not find that the Veteran had a headache disability. The Veteran reported that his headaches had subsided in intensity over time. The Veteran took ibuprofen when he did have a headache. He did not experience headache pain such as constant head pain, pulsating or throbbing head pain, pain localized to one side of the head, or pain on both sides of the head. He denied experiencing any non-headaches symptoms associated with headaches such as nausea or sensitivity to light or sound. The examiner opined that he was unable to confirm a current, chronic and ongoing condition of headaches secondary to his septoplasty surgery. 

The Veteran reported headaches at his October 2019 sinusitis examination which were attributed to his service-connected sinusitis. The rating criteria for sinusitis includes headaches. 

As such, to the extent that the Veteran experiences headaches, they are compensated for by his disability rating for sinusitis. The Board notes again that the evidence does not have a separate chronic headache disability other than those that have been found to be part and parcel of his service-connected sinusitis. 

While the Veteran may believe that he has a separate headache disability that warrants service connection on its own, he is not competent to provide a diagnosis in this case. The issue is medically complex and the record does not suggest that the Veteran has the training to provide an opinion with regard to the etiology of headaches he experiences. Jandreau v. Nicholson, 492 F.3d 1372, 1377, 1377 n.4 (Fed. Cir. 2007). Consequently, the Board gives more probative weight to the competent medical evidence which attributes his headaches to his service-connected sinusitis. 

As such, service connection for a headache disability is denied. As the preponderance of the evidence is against the claim, the benefit of the doubt doctrine is not for application. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102.

REASONS FOR REMAND

Service connection – Right Ear Hearing Loss 

Service Connection - Bilateral Pes Planus

The Veteran’s separation examination is not in the claims file; however, it appears that it was part of the record of evidence when VA examiners reviewed the record. The VA examiner who provided the opinion regarding service connection for the Veteran’s right ear hearing loss referred to the Veteran’s puretone thresholds at separation, and the VA examiner who provided the opinion regarding pes planus noted findings on a separation examination dated March 13, 1989. This examination should be located and added to the claims file. 

This addresses a pre-decisional duty to assist error.

Service Connection - Bilateral Pes Planus 

The Veteran contends that his bilateral pes planus is related to service. 

There is a notation on the Veteran’s entrance examination reflecting a diagnosis of mild pes planus and bilateral hallux valgus. 

The Veteran submitted an opinion from a VA provider dated in June 2019. The provider opined that the Veteran’s pes planus was incurred in service. However, the provider did not address the notation on the Veteran’s entrance examination showing pes planus. As such, this opinion is inadequate. 

The Veteran was provided with a VA examination in August 2019. The examiner noted that Veteran was diagnosed with mild asymptomatic bilateral pes planus on his February 7, 1983 entrance exam and made a notation of “or exit exam 3/13/1989. The nexus is NOT established.” It is unclear why the examiner referred to the exit examination and, as such, the opinion is inadequate. 

The Board finds that a new opinion should be obtained as to the etiology of the Veteran’s pes planus. Pes planus may be either congenital or acquired, a question which must be resolved prior to considering service connection. 38 C.F.R. § 4.57. The opinion should address this matter and, if it is determined that the Veteran’s pes planus is acquired, should address whether the Veteran’s acquired foot disability was aggravated by service. 

This addresses a pre-decisional duty to assist error.

Service Connection – Bilateral Knee and Back Disabilities 

The Veteran has contended that he has bilateral knee and back disabilities that are related to his pes planus. These issues are intertwined with the Veteran’s claim for entitlement to service connection for pes planus, which is remanded herein.

There are two opinions in the record regarding whether the Veteran had a bilateral knee or back disability secondary to his pes planus. For the following reasons, the Board finds that these opinions are inadequate. When VA undertakes to provide a VA examination or obtain a VA opinion, it must ensure that the examination or opinion is adequate. Barr v. Nicholson, 21 Vet. App. 303, 312 (2007). 

In a June 2019 note, a VA provider attributed the Veteran’s bilateral knee pain and back pain to his antalgic gait due to pes planus. However, the provider then opined that “it is likely as not or at least possible” that the conditions of right and left foot pes planus, right and left knee pain and back pain are related to injuries incurred or aggravated during his service. The language the examiner used is equivocal in its terms. Reasonable doubt does not include remote possibility. See 38 C.F.R. § 3.102; Stegman v. Derwinski, 3 Vet. App. 228, 230 (1992). As such this opinion is inadequate.

The Veteran was provided with VA examinations in August 2019. The VA examiner determined that, while the Veteran experienced pain in his knees and back, he did not have a diagnosed disorder. He therefore did not provide a nexus opinion. However, pain resulting in functional impairment of earning capacity, even without an identified underlying diagnosis, may constitute a disability under 38 U.S.C. § 1110. Saunders v. Wilkie, 886 F.3d 1356 (Fed. Cir. 2018).

In the June 2019 note and August 2019 VA examination report reflect the Veteran’s reports that his back pain limited his ability to walk distance, sit for extended periods, stoop or lift, and that he has pain and swelling in his knees which he managed with a topical analgesic. The Board finds that these statements raise the possibility that an accurate assessment of the Veteran's pain may result in a finding that his back and bilateral knee pain causes functional impairment, which would meet the criteria for a current disability under the holding in Saunders. 

At his October 2019 VA examinations, the Veteran reported that his back and knee pain began during service. An opinion has not been provided with regard to direct service connection. 

As such, on remand, the Veteran should be provided with another examination, if necessary, in order to determine whether he had current back or right ankle disabilities related to service or secondary to his pes planus, should his pes planus be service connected.

This addresses pre-decisional duty to assist errors with regard to the Veteran’s claims for entitlement to service connection for back and bilateral knee disabilities on a direct basis as well as his secondary claims.

The matters are REMANDED for the following action:

1. Obtain the Veteran’s separation examination, which may be dated March 13, 1989 (see August 2019 VA foot conditions examination).

2. Obtain an opinion, with an examination if necessary, by an appropriate clinician to determine the nature and etiology of pes planus. 

The examiner should provide an opinion whether the Veteran's bilateral pes planus is congenital or acquired. The examiner should note that 38 C.F.R. § 4.57 states that “[t]he congenital condition, with depression of the arch, but no evidence of abnormal callosities, areas of pressure, strain or demonstrable tenderness,” is a congenital abnormality. If the pes planus is congenital, the examiner should opine whether the disorder is more properly classified as a congenital disease or a congenital defect. For VA purposes, a defect differs from a disease in that the former is “more or less stationary in nature” whereas the latter is “capable of improving or deteriorating.” 

If the Veteran’s pes planus is either a congenital disease or acquired, the examiner should provide an opinion as to whether it is at least as likely as not the Veteran’s preexisting bilateral foot disability, noted on his entrance examination, was aggravated (worsened beyond normal progression) during service and, if so, whether any increase in severity was clearly and unmistakably due to its natural progress. 

3. Obtain an opinion, with an examination if necessary, by an appropriate clinician to determine the nature and etiology of any right or left knee disability. The examiner must opine whether it is at least as likely as not related to an in-service injury, event, or disease. The examiner must address the Veteran’s contentions in his August 2019 VA examination that his right and left knee pain began in service.

In the event that the criteria for a diagnosis of a right or left knee disability are not met, the examiner should specifically state whether there is any functional impairment associated with the Veteran's complaints of right or left knee pain. Please complete the Functional Impact section of the report of examination. If there is functional impairment, please offer an opinion as to whether it is at least as likely as not that such impairment is associated with the Veteran's service.

If arthritis is diagnosed, the examiner must opine whether it at least as likely as not (1) began during active service, (2) manifested within one year after discharge from service, or (3) was noted during service with continuity of the same symptomatology since service. 

The examiner should also opine as to whether any right or left knee disability is at least as likely as not (1) proximately due to pes planus, or (2) aggravated beyond its natural progression by pes planus. The examiner must address the effects of any change in gait due to his pes planus.

If the Veteran’s right or left knee disability has been aggravated by his pes planus, the examiner should also indicate the extent of such aggravation by identifying the baseline level of disability. This may be ascertained by the medical evidence of record and also by the Veteran's statements as to the nature, severity, and frequency of his observable symptoms over time.

4. Obtain an opinion, with an examination if necessary, by an appropriate clinician to determine the nature and etiology of any back disability. The examiner must opine whether it is at least as likely as not related to an in-service injury, event, or disease. The examiner must address the Veteran’s contentions in his August 2019 VA examination that his back pain began in service.

In the event that the criteria for a diagnosis of a back disability are not met, the examiner should specifically state whether there is any functional impairment associated with the Veteran's complaints of back knee pain. Please complete the Functional Impact section of the report of examination. If there is functional impairment, please offer an opinion as to whether it is at least as likely as not that such impairment is associated with the Veteran's service.

If arthritis is diagnosed, the examiner must opine whether it at least as likely as not (1) began during active service, (2) manifested within one year after discharge from service, or (3) was noted during service with continuity of the same symptomatology since service. 

The examiner should also opine as to whether any back disability is at least as likely as not (1) proximately due to pes planus, or (2) aggravated beyond its natural progression by pes planus. The examiner must address the effects of any change in gait due to his pes planus.

(Continued on the next page)

 

If the Veteran’s back disability has been aggravated by his pes planus, the examiner should also indicate the extent of such aggravation by identifying the baseline level of disability. This may be ascertained by the medical evidence of record and also by the Veteran's statements as to the nature, severity, and frequency of his observable symptoms over time.

 

 

J. B. FREEMAN

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board M. Harrigan Smith

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.